**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

MARY HARRIS, as Personal Representative of the Estate of ASHLEY HARRIS, Deceased,

Plaintiff,

v.

Corizon Health Inc., d/b/a Corizon of Michigan, et al.,

Defendants.

Case No. 2:21-cv-10876
Hon. Mark A. Goldsmith
Mag. Elizabeth A. Stafford

---

LIPTON LAW CENTER, P.C.
Steffani Chocron (P45335)
Kyle J. Kelly (P69896)
Attorneys for Plaintiff
18930 W. Ten Mile Rd.
Southfield, MI 48075
(248) 557-1688
steffani@liptonlaw.com
kyle@liptonlaw.com

MICHIGAN PROTECTION & ADVOCACY SERVICES
Kyle M. Williams (P77227)
Kristin Totten (P72942)
Co-Counsel for Plaintiff
4095 Legacy Pkwy, Ste. 500
Lansing, MI 48911
(517) 487-1755
kwilliams@drmich.org
ktotten@drmich.org

CHAPMAN LAW GROUP
Ronald W. Chapman Sr., M.P.A., LL.M. (P37603)
Jonathan C. Lanesky (P59740)
Attorneys for Corizon Health, Inc. and Vincent Pernell, M.D.
1441 W. Long Lake Rd., Suite 310
Troy, MI 48098
(248) 644-6326
rchapman@chapmanlawgroup.com
jlanesky@chapmanlawgroup.com

MICHIGAN DEPT. OF ATTORNEY GENERAL
John L. Thurber (P44989)
Sara E. Trudgeon (P70066)
Attorneys for MDOC Defendants
P.O. Box 30217
Lansing, MI 48909
(517) 335-3055
thurberj@michigan.gov
trudgeons@michigan.gov

---

**DEFENDANTS CORIZON HEALTH, INC.AND VINCENT PERNELL, M.D.'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT (ECF NO. 27)**

NOW COME Defendants CORIZON HEALTH, INC. AND VINCENT PERNELL, M.D. (hereinafter the "Corizon Defendants"), by and through their counsel, CHAPMAN LAW GROUP, and for their Answer, state as follows:

## INTRODUCTION

1. The Corizon Defendants deny the allegations in Paragraph 1 as they are untrue.
2. The Corizon Defendants deny the allegations in Paragraph 2 as they are untrue.

## JURISDICTION

3. The Corizon Defendants deny that Fourteenth Amendment claims are applicable as to all other allegations contained in Paragraph 3. Defendants neither admit nor deny the allegations because the allegations call for legal conclusions; thus, no response is required, and the Corizon Defendants leave Plaintiff to her proofs.
4. The Corizon Defendants neither admit nor deny the allegations in Paragraph 4 of the Amended Complaint because the Corizon Defendants lack sufficient knowledge and/or information sufficient to form a belief as to the truth of these allegations and leave Plaintiff to her proofs.
5. The Corizon Defendants neither admit nor deny the allegations in Paragraph 5 of the Amended Complaint because the Corizon Defendants lack sufficient

knowledge and/or information sufficient to form a belief as to the truth of these allegations and leave Plaintiff to her proofs.

6. The Corizon Defendants neither admit nor deny the allegations in Paragraph 6 of the Amended Complaint because the Corizon Defendants lack sufficient knowledge and/or information sufficient to form a belief as to the truth of these allegations and leave Plaintiff to her proofs.

7. The Corizon Defendants neither admit nor deny the allegations in Paragraph 7 of the Amended Complaint because the Corizon Defendants lack sufficient knowledge and/or information sufficient to form a belief as the to the truth of these allegations and leave Plaintiff to her proofs.

8. The Corizon Defendants admit the allegations in Paragraph 8 of the Amended Complaint.

## PARTIES

9. The Corizon Defendants neither admit nor deny the allegations in Paragraph 9 of the Amended Complaint because the Corizon Defendants lack sufficient knowledge and/or information sufficient to form a belief as to the truth of these allegations and leave Plaintiff to her proofs.

10. The Corizon Defendants admit the allegations in Paragraph 10.

11. The Corizon Defendants neither admit nor deny the allegations in Paragraph 11 of the Amended Complaint because the Corizon Defendants lack sufficient

knowledge and/or information sufficient to form a belief as to the truth of these allegations and leave Plaintiff to her proofs.

12. The Corizon Defendants admit the allegations in Paragraph 12.
13. The Corizon Defendants deny the allegations in Paragraph 13 as they are untrue.
14. The Corizon Defendants deny the allegations in Paragraph 14 as they are untrue.
15. The Corizon Defendants deny the allegations in Paragraph 15 as they are untrue.
16. The Corizon Defendants admit Vincent Pernell, M.D., was a resident of the state of Michigan who was employed by Corizon. As to all other allegations in Paragraph 16 of the Amended Complaint, the Corizon Defendants deny as they are untrue.
17. The Corizon Defendants admit the allegations in Paragraph 17.
18. The Corizon Defendants deny that Defendant Collins was employed or an agent of Defendant Corizon. As to all other allegations in Paragraph 18, Defendants lack sufficient knowledge and/or information sufficient to form a belief as to the truth of these allegations and leave Plaintiff to her proofs.
19. The Corizon Defendants deny that Defendant Taylor was employed or an agent of Defendant Corizon. As to all other allegations in Paragraph 19, Defendants lack sufficient knowledge and/or information sufficient to form a belief as to the truth of these allegations and leave Plaintiff to her proofs.
20. The Corizon Defendants deny the allegations in Paragraph 20 as they are untrue.

21. The Corizon Defendants neither admit nor deny the allegations in Paragraph 21 because the allegations call for legal conclusions; thus, no response is required, and the Corizon Defendants leave Plaintiff to her proofs.

22. The Corizon Defendants neither admit nor deny the allegations in Paragraph 22 of the Amended Complaint because the Corizon Defendants lack sufficient knowledge and/or information sufficient to form a belief as to the truth of these allegations and leave Plaintiff to her proofs.

23. The Corizon Defendants neither admit nor deny the allegations in Paragraph 23 of the Amended Complaint because the Corizon Defendants lack sufficient knowledge and/or information sufficient to form a belief as to the truth of these allegations and leave Plaintiff to her proofs.

24. The Corizon Defendants neither admit nor deny the allegations in Paragraph 24 of the Amended Complaint because the Corizon Defendants lack sufficient knowledge and/or information sufficient to form a belief as the to the truth of these allegations and leave Plaintiff to her proofs.

25. The Corizon Defendants neither admit nor deny the allegations in Paragraph 25 of the Amended Complaint because the Corizon Defendants lack sufficient knowledge and/or information sufficient to form a belief as to the truth of these allegations and leave Plaintiff to her proofs.

26. The Corizon Defendants neither admit nor deny the allegations in Paragraph 26 of the Amended Complaint because the Corizon Defendants lack sufficient knowledge and/or information sufficient to form a belief as to the truth of these allegations and leave Plaintiff to her proofs.
27. The Corizon Defendants neither admit nor deny the allegations in Paragraph 27 of the Amended Complaint because the Corizon Defendants lack sufficient knowledge and/or information sufficient to form a belief as to the truth of these allegations and leave Plaintiff to her proofs.
28. The Corizon Defendants neither admit nor deny the allegations in Paragraph 28 of the Amended Complaint because the Corizon Defendants lack sufficient knowledge and/or information sufficient to form a belief as to the truth of these allegations and leave Plaintiff to her proofs.

## FACTS OF THE CASE

29. The Corizon Defendants neither admit nor deny the allegations in Paragraph 29 of the Amended Complaint because the Corizon Defendants lack sufficient knowledge and/or information sufficient to form a belief as to the truth of these allegations and leave Plaintiff to her proofs.
30. The Corizon Defendants neither admit nor deny the allegations in Paragraph 30 of the Amended Complaint because the Corizon Defendants lack sufficient

knowledge and/or information sufficient to form a belief as to the truth of these allegations and leave Plaintiff to her proofs.

31. The Corizon Defendants admit the allegations in Paragraph 31.

32. The Corizon Defendants neither admit nor deny the allegations in Paragraph 32 of the Amended Complaint because the Corizon Defendants lack sufficient knowledge and/or information sufficient to form a belief as to the truth of these allegations and leave Plaintiff to her proofs.

33. The Corizon Defendants neither admit nor deny the allegations in Paragraph 33 of the Amended Complaint because the Corizon Defendants lack sufficient knowledge and/or information sufficient to form a belief as to the truth of these allegations and leave Plaintiff to her proofs.

34. The Corizon Defendants neither admit nor deny the allegations in Paragraph 34 of the Amended Complaint because the Corizon Defendants lack sufficient knowledge and/or information sufficient to form a belief as to the truth of these allegations and leave Plaintiff to her proofs.

35. The Corizon Defendants admit the allegations in Paragraph 35 of the Amended Complaint.

36. The Corizon Defendants neither admit nor deny the allegations in Paragraph 36 of the Amended Complaint because the Corizon Defendants lack sufficient

knowledge and/or information sufficient to form a belief as to the truth of these allegations and leave Plaintiff to her proofs.

37. The Corizon Defendants deny the allegations in Paragraph 37 of the Amended Complaint.

38. The Corizon Defendants neither admit nor deny the allegations in Paragraph 38 of the Amended Complaint because the Corizon Defendants lack sufficient knowledge and/or information sufficient to form a belief as to the truth of these allegations and leave Plaintiff to her proofs.

39. The Corizon Defendants neither admit nor deny the allegations in Paragraph 39 of the Amended Complaint because the Corizon Defendants lack sufficient knowledge and/or information sufficient to form a belief as to the truth of these allegations and leave Plaintiff to her proofs.

40. The Corizon Defendants neither admit nor deny the allegations in Paragraph 40 of the Amended Complaint because the Corizon Defendants lack sufficient knowledge and/or information sufficient to form a belief as to the truth of these allegations and leave Plaintiff to her proofs. The Corizon Defendants specifically answer as such:

    a. The Corizon Defendants neither admit nor deny the allegations in this Subparagraph of the Amended Complaint because the Corizon Defendants

lack sufficient knowledge and/or information sufficient to form a belief as to the truth of these allegations and leave Plaintiff to her proofs.

b. The Corizon Defendants neither admit nor deny the allegations in this Subparagraph of the Amended Complaint because the Corizon Defendants lack sufficient knowledge and/or information sufficient to form a belief as to the truth of these allegations and leave Plaintiff to her proofs.

c. The Corizon Defendants neither admit nor deny the allegations in this Subparagraph of the Amended Complaint because the Corizon Defendants lack sufficient knowledge and/or information sufficient to form a belief as to the truth of these allegations and leave Plaintiff to her proofs.

41. The Corizon Defendants admit the allegations in Paragraph 41.

42. The Corizon Defendants admit the allegations in Paragraph 42.

43. The Corizon Defendants admit the allegations in Paragraph 43.

44. The Corizon Defendants neither admit nor deny the allegations in Paragraph 44 of the Amended Complaint because the Corizon Defendants lack sufficient knowledge and/or information sufficient to form a belief as to the truth of these allegations and leave Plaintiff to her proofs.

45. The Corizon Defendants deny the allegations in Paragraph 45 as they are untrue.

46. The Corizon Defendants deny the allegations in Paragraph 46 as they are untrue.

47. The Corizon Defendants neither admit nor deny the allegations in Paragraph 47 of the Amended Complaint because the Corizon Defendants lack sufficient knowledge and/or information sufficient to form a belief as to the truth of these allegations and leave Plaintiff to her proofs.

48. The Corizon Defendants deny the allegations in Paragraph 48 as they are untrue.

49. The Corizon Defendants deny the allegations in Paragraph 49 as they are untrue.

50. The Corizon Defendants neither admit nor deny the allegations in Paragraph 50 of the Amended Complaint because the Corizon Defendants lack sufficient knowledge and/or information sufficient to form a belief as to the truth of these allegations and leave Plaintiff to her proofs.

51. The Corizon Defendants neither admit nor deny the allegations in Paragraph 51 of the Amended Complaint because the Corizon Defendants lack sufficient knowledge and/or information sufficient to form a belief as to the truth of these allegations and leave Plaintiff to her proofs.

52. The Corizon Defendants neither admit nor deny the allegations in Paragraph 52 of the Amended Complaint because the Corizon Defendants lack sufficient knowledge and/or information sufficient to form a belief as to the truth of these allegations and leave Plaintiff to her proofs.

53. The Corizon Defendants deny the allegations in Paragraph 53 as they are untrue.

54. The Corizon Defendants neither admit nor deny the allegations in Paragraph 54 of the Amended Complaint because the Corizon Defendants lack sufficient knowledge and/or information sufficient to form a belief as to the truth of these allegations and leave Plaintiff to her proofs.

55. The Corizon Defendants admit the allegations in Paragraph 55.

56. The Corizon Defendants neither admit nor deny the allegations in Paragraph 56 of the Amended Complaint because the Corizon Defendants lack sufficient knowledge and/or information sufficient to form a belief as to the truth of these allegations and leave Plaintiff to her proofs.

57. The Corizon Defendants neither admit nor deny the allegations in Paragraph 57 of the Amended Complaint because the Corizon Defendants lack sufficient knowledge and/or information sufficient to form a belief as to the truth of these allegations and leave Plaintiff to her proofs.

58. The Corizon Defendants neither admit nor deny the allegations in Paragraph 58 of the Amended Complaint because the Corizon Defendants lack sufficient knowledge and/or information sufficient to form a belief as to the truth of these allegations and leave Plaintiff to her proofs.

59. The Corizon Defendants neither admit nor deny the allegations in Paragraph 59 of the Amended Complaint because the Corizon Defendants lack sufficient

knowledge and/or information sufficient to form a belief as to the truth of these allegations and leave Plaintiff to her proofs.

60. The Corizon Defendants neither admit nor deny the allegations in Paragraph 60 of the Amended Complaint because the Corizon Defendants lack sufficient knowledge and/or information sufficient to form a belief as to the truth of these allegations and leave Plaintiff to her proofs.

61. The Corizon Defendants deny they destroyed the POA records. As to all other allegations in Paragraph 61 the Corizon Defendants neither admit nor deny as they lack sufficient knowledge and/or information sufficient to form a belief as to the truth of these allegations and leave Plaintiff to her proofs.

62. The Corizon Defendants neither admit nor deny the allegations in Paragraph 62 of the Amended Complaint because the Corizon Defendants lack sufficient knowledge and/or information sufficient to form a belief as to the truth of these allegations and leave Plaintiff to her proofs.

63. The Corizon Defendants neither admit nor deny the allegations in Paragraph 63 of the Amended Complaint because the Corizon Defendants lack sufficient knowledge and/or information sufficient to form a belief as to the truth of these allegations and leave Plaintiff to her proofs.

64. The Corizon Defendants neither admit nor deny the allegations in Paragraph 64 of the Amended Complaint because the Corizon Defendants lack sufficient

knowledge and/or information sufficient to form a belief as to the truth of these allegations and leave Plaintiff to her proofs.

65. The Corizon Defendants neither admit nor deny the allegations in Paragraph 65 of the Amended Complaint because the Corizon Defendants lack sufficient knowledge and/or information sufficient to form a belief as to the truth of these allegations and leave Plaintiff to her proofs.

66. The Corizon Defendants neither admit nor deny the allegations in Paragraph 66 of the Amended Complaint because the Corizon Defendants lack sufficient knowledge and/or information sufficient to form a belief as to the truth of these allegations and leave Plaintiff to her proofs.

67. The Corizon Defendants neither admit nor deny the allegations in Paragraph 67 of the Amended Complaint because the Corizon Defendants lack sufficient knowledge and/or information sufficient to form a belief as to the truth of these allegations and leave Plaintiff to her proofs.

68. The Corizon Defendants neither admit nor deny the allegations in Paragraph 68 of the Amended Complaint because the Corizon Defendants lack sufficient knowledge and/or information sufficient to form a belief as to the truth of these allegations and leave Plaintiff to her proofs.

69. The Corizon Defendants neither admit nor deny the allegations in Paragraph 69 of the Amended Complaint because the Corizon Defendants lack sufficient

knowledge and/or information sufficient to form a belief as to the truth of these allegations and leave Plaintiff to her proofs.

70. The Corizon Defendants neither admit nor deny the allegations in Paragraph 70 of the Amended Complaint because the Corizon Defendants lack sufficient knowledge and/or information sufficient to form a belief as to the truth of these allegations and leave Plaintiff to her proofs.

71. The Corizon Defendants admit the allegations in Paragraph 71.

72. The Corizon Defendants admit the allegations in Paragraph 72.

73. The Corizon Defendants admit the allegations in Paragraph 73.

74. The Corizon Defendants neither admit nor deny the allegations in Paragraph 74 of the Amended Complaint because the Corizon Defendants lack sufficient knowledge and/or information sufficient to form a belief as to the truth of these allegations and leave Plaintiff to her proofs.

75. The Corizon Defendants deny the allegations in Paragraph 75.

76. The Corizon Defendants deny the allegations in Paragraph 76.

77. The Corizon Defendants neither admit nor deny the allegations in Paragraph 77 of the Amended Complaint because the Corizon Defendants lack sufficient knowledge and/or information sufficient to form a belief as to the truth of these allegations and leave Plaintiff to her proofs.

78. The Corizon Defendants deny the allegations in Paragraph 78 as they are untrue.

79. The Corizon Defendants neither admit nor deny the allegations in Paragraph 79 of the Amended Complaint because the Corizon Defendants lack sufficient knowledge and/or information sufficient to form a belief as to the truth of these allegations and leave Plaintiff to her proofs.

80. The Corizon Defendants neither admit nor deny the allegations in Paragraph 80 of the Amended Complaint because the Corizon Defendants lack sufficient knowledge and/or information sufficient to form a belief as to the truth of these allegations and leave Plaintiff to her proofs.

81. The Corizon Defendants neither admit nor deny the allegations in Paragraph 81 of the Amended Complaint because the Corizon Defendants lack sufficient knowledge and/or information sufficient to form a belief as to the truth of these allegations and leave Plaintiff to her proofs.

82. The Corizon Defendants neither admit nor deny the allegations in Paragraph 82 of the Amended Complaint because the Corizon Defendants lack sufficient knowledge and/or information sufficient to form a belief as to the truth of these allegations and leave Plaintiff to her proofs.

83. The Corizon Defendants neither admit nor deny the allegations in Paragraph 83 of the Amended Complaint because the Corizon Defendants lack sufficient knowledge and/or information sufficient to form a belief as to the truth of these allegations and leave Plaintiff to her proofs.

84. The Corizon Defendants deny the allegations in Paragraph 84 as they are untrue.

85. The Corizon Defendants deny the allegations in Paragraph 85 as they are untrue.

86. The Corizon Defendants deny the allegations in Paragraph 86 as they are untrue.

87. The Corizon Defendants deny the allegations in Paragraph 87 as they are untrue.

88. The Corizon Defendants deny the allegations in Paragraph 88 as they are untrue.

**COUNT I - DELIBERATE INDIFFERENCE TO CIVIL RIGHTS PURSUANT TO 42 U.S.C. § 1983 AND § 1988 AND THE EIGHTH AND FOURTEENTH AMENDMENTS**

89. The Corizon Defendants hereby restate and incorporate by reference each and every one of their Answers to Paragraphs 1 through 88 of the Amended Complaint as if fully set forth herein.

90. The Corizon Defendants deny the allegations in Paragraph 90 as they are untrue.

91. The Corizon Defendants deny the allegations in Paragraph 91 as they are untrue.

92. The Corizon Defendants deny the allegations in Paragraph 92 as they are untrue.

93. The Corizon Defendants deny the allegations in Paragraph 93 as they are untrue.

94. The Corizon Defendants deny the allegations in Paragraph 94 as they are untrue.

95. The Corizon Defendants deny the allegations in Paragraph 95 as they are untrue.

96. The Corizon Defendants deny the allegations in Paragraph 96 as they are untrue.

97. The Corizon Defendants deny the allegations in Paragraph 97 as they are untrue.

98. The Corizon Defendants neither admit nor deny the allegations in Paragraph 98 of the Amended Complaint because the Corizon Defendants lack sufficient

knowledge and/or information sufficient to form a belief as to the truth of these allegations and leave Plaintiff to her proofs.

99. The Corizon Defendants deny the allegations in Paragraph 99 as they are untrue.

100. The Corizon Defendants deny the allegations in Paragraph 100 as they are untrue.

101. The Corizon Defendants deny the allegations in Paragraph 101 as they are untrue.

102. The Corizon Defendants deny the allegations in Paragraph 102 as they are untrue.

103. The Corizon Defendants deny the allegations in Paragraph 103 as they are untrue.

104. The Corizon Defendants deny the allegations in Paragraph 104 as they are untrue.

105. The Corizon Defendants deny the allegations in Paragraph 105 as they are untrue.

106. The Corizon Defendants deny the allegations in Paragraph 106 as they are untrue.

107. The Corizon Defendants deny the allegations in Paragraph 107 as they are untrue.

108. The Corizon Defendants deny the allegations in Paragraph 108 as they are untrue.

**COUNT II - DELIBERATE INDIFFERENCE TO DECEDENT'S SERIOUS MEDICAL NEEDS, PURSUANT TO 42 U.S.C. § 1983 AND THE EIGHTH AMENDMENT**

109. The Corizon Defendants hereby restate and incorporate by reference each and every one of their Answers to Paragraphs 1 through 108 of the Amended Complaint as if fully set forth herein.

110. The Corizon Defendants deny the allegations in Paragraph 110 as they are untrue.

111. The Corizon Defendants deny the allegations in Paragraph 111 as they are untrue.

112. The Corizon Defendants deny the allegations in Paragraph 112 as they are untrue.

113. The Corizon Defendants deny the allegations in Paragraph 113 as they are untrue.

114. The Corizon Defendants deny the allegations in Paragraph 114 as they are untrue.

115. The Corizon Defendants deny the allegations in Paragraph 115 as they are untrue.

**COUNT III - DELIBERATE INDIFFERENCE TO CIVIL RIGHTS PURSUANT TO 42 U.S.C. § 1983 AND § 1988 AND THE EIGHTH AND FOURTEENTH AMENDMENTS AND MONELL V DEPT. OF SOCIAL SERVICES**

116. The Corizon Defendants hereby restate and incorporate by reference each and every one of their Answers to Paragraphs 1 through 115 of the Amended Complaint as if fully set forth herein.

117. The Corizon Defendants deny the allegations in Paragraph 117 as they are untrue. Furthermore, the Corizon Defendants deny any and all allegations of wrongdoing and leave Plaintiff to her proofs.

118. The Corizon Defendants deny the allegations in Paragraph 118 as they are untrue.

119. The Corizon Defendants deny the allegations in Paragraph 119 as they are untrue.

120. The Corizon Defendants deny the allegations in Paragraph 120 as they are untrue.

121. The Corizon Defendants deny the allegations in Paragraph 121 as they are untrue.

122. The Corizon Defendants deny the allegations in Paragraph 122 as they are untrue.

123. The Corizon Defendants deny the allegations in Paragraph 123 as they are untrue.

124. The Corizon Defendants deny the allegations in Paragraph 124 as they are untrue.

125. The Corizon Defendants deny the allegations in Paragraph 125 as they are untrue.

126. The Corizon Defendants deny the allegations in Paragraph 126 as they are untrue.

127. The Corizon Defendants deny the allegations in Paragraph 127 as they are untrue.

128. The Corizon Defendants deny the allegations in Paragraph 128 as they are untrue.

129. The Corizon Defendants deny the allegations in Paragraph 129 as they are untrue.

130. The Corizon Defendants deny the allegations in Paragraph 130 as they are untrue.

131. The Corizon Defendants deny the allegations in Paragraph 131 as they are untrue.

132. The Corizon Defendants deny the allegations in Paragraph 132 as they are untrue.

133. The Corizon Defendants deny the allegations in Paragraph 133 as they are untrue.

134. The Corizon Defendants deny the allegations in Paragraph 134 as they are untrue.

135. The Corizon Defendants deny the allegations in Paragraph 135 as they are untrue.

136. The Corizon Defendants deny the allegations in Paragraph 136 as they are untrue.

**COUNT IV - SUPERVISORY LIABILITY PURSUANT TO 42 U.S.C. § 1983**

137. The Corizon Defendants hereby restate and incorporate by reference each and every one of their Answers to Paragraphs 1 through 136 of the Amended Complaint as if fully set forth herein.

138. The Corizon Defendants deny the allegations in Paragraph 138 as they are untrue. Furthermore, the Corizon Defendants deny any and all allegations of wrongdoing and leave Plaintiff to her proofs.

139. The Corizon Defendants deny the allegations in Paragraph 139 as they are untrue.

140. The Corizon Defendants deny the allegations in Paragraph 140 as they are untrue.

141. The Corizon Defendants deny the allegations in Paragraph 141 as they are untrue.

142. The Corizon Defendants deny the allegations in Paragraph 142 as they are untrue.

143. The Corizon Defendants deny the allegations in Paragraph 143 as they are untrue.

144. The Corizon Defendants deny the allegations in Paragraph 144 as they are untrue.

## COUNT V - ORDINARY NEGLIGENCE AS TO JOHN DOE 2-6 AND CORIZON

145. The Corizon Defendants hereby restate and incorporate by reference each and every one of their Answers to Paragraphs 1 through 144 of the Amended Complaint as if fully set forth herein.

146. The Corizon Defendants deny the allegations in Paragraph 146 as they are untrue.

147. The Corizon Defendants deny the allegations in Paragraph 147 as they are untrue.

148. The Corizon Defendants deny the allegations in Paragraph 148 as they are untrue.

149. The Corizon Defendants deny the allegations in Paragraph 149 as they are untrue.

150. The Corizon Defendants deny the allegations in Paragraph 150 as they are untrue.

151. The Corizon Defendants deny the allegations in Paragraph 151 as they are untrue.

152. The Corizon Defendants deny the allegations in Paragraph 152 as they are untrue.

153. The Corizon Defendants deny the allegations in Paragraph 153 as they are untrue.

154. The Corizon Defendants deny the allegations in Paragraph 154 as they are untrue.

## COUNT VI - ORDINARY NEGLIGENCE AS TO PERNELL, HARDIN-COLLINS AND TAYLOR

155. The Corizon Defendants hereby restate and incorporate by reference each and every one of their Answers to Paragraphs 1 through 154 of the Amended Complaint as if fully set forth herein.

156. The Corizon Defendants neither admit nor deny the allegations in Paragraph 156 of the Amended Complaint because the Corizon Defendants lack sufficient knowledge and/or information sufficient to form a belief as to the truth of these allegations and leave Plaintiff to her proofs.

157. The Corizon Defendants deny the allegation that Defendant Hardin-Collins was an agent and/or employee of Corizon. As for the rest of the allegations contained in Paragraph 157, the Corizon Defendants neither admit nor deny the allegations because the Corizon Defendants lack sufficient knowledge and/or information sufficient to form a belief as to the truth of these allegations and leave Plaintiff to her proofs.

158. The Corizon Defendants deny the allegation that Defendant Taylor was an agent and/or employee of Corizon. As for the rest of the allegations contained in Paragraph 158, the Corizon Defendants neither admit nor deny the allegations because the Corizon Defendants lack sufficient knowledge and/or information sufficient to form a belief as to the truth of these allegations and leave Plaintiff to her proofs.

159. The Corizon Defendants deny the allegations in Paragraph 159 as they are untrue. Furthermore, the Corizon Defendants deny any and all allegations of wrongdoing as untrue and leave Plaintiff to her proofs.

160. The Corizon Defendants deny the allegations in Paragraph 160 as they are untrue. Furthermore, the Corizon Defendants deny any and all allegations of wrongdoing as untrue and leave Plaintiff to her proofs.

**COUNT VII - MEDICAL MALPRACTICE (PERNELL AND CORIZON)**

161. The Corizon Defendants hereby restate and incorporate by reference each and every one of their Answers to Paragraphs 1 through 160 of the Amended Complaint as if fully set forth herein.

162. The Corizon Defendants neither admit nor deny the allegations in Paragraph 162 of the Amended Complaint because the Corizon Defendants lack sufficient knowledge and/or information sufficient to form a belief. The Corizon Defendants specifically answer as such:

a. The Corizon Defendants neither admit nor deny the allegations in this Subparagraph of the Amended Complaint because the Corizon Defendants lack sufficient knowledge and/or information sufficient to form a belief as to the truth of these allegations and leave Plaintiff to her proofs. The Corizon Defendants deny as untrue any allegation of wrongdoing and leave Plaintiff to her proofs.

b. The Corizon Defendants neither admit nor deny the allegations in this Subparagraph of the Amended Complaint because the Corizon Defendants lack sufficient knowledge and/or information sufficient to form a belief as to the truth of these allegations and leave Plaintiff to her proofs.

c. The Corizon Defendants neither admit nor deny the allegations in this Subparagraph of the Amended Complaint because the Corizon Defendants lack sufficient knowledge and/or information sufficient to form a belief as to the truth of these allegations and leave Plaintiff to her proofs.

d. The Corizon Defendants neither admit nor deny the allegations in this Subparagraph of the Amended Complaint because the Corizon Defendants lack sufficient knowledge and/or information sufficient to form a belief as to the truth of these allegations and leave Plaintiff to her proofs.

e. The Corizon Defendants neither admit nor deny the allegations in this Subparagraph of the Amended Complaint because the Corizon Defendants lack sufficient knowledge and/or information sufficient to form a belief as to the truth of these allegations and leave Plaintiff to her proofs.

f. The Corizon Defendants neither admit nor deny the allegations in this Subparagraph of the Amended Complaint because the Corizon Defendants lack sufficient knowledge and/or information sufficient to form a belief as to the truth of these allegations and leave Plaintiff to her proofs.

g. The Corizon Defendants neither admit nor deny the allegations in this Subparagraph of the Amended Complaint because the Corizon Defendants lack sufficient knowledge and/or information sufficient to form a belief as to the truth of these allegations and leave Plaintiff to her proofs.

h. The Corizon Defendants neither admit nor deny the allegations in this Subparagraph of the Amended Complaint because the Corizon Defendants lack sufficient knowledge and/or information sufficient to form a belief as to the truth of these allegations and leave Plaintiff to her proofs.

i. The Corizon Defendants neither admit nor deny the allegations in this Subparagraph of the Amended Complaint because the Corizon Defendants lack sufficient knowledge and/or information sufficient to form a belief as to the truth of these allegations and leave Plaintiff to her proofs.

j. The Corizon Defendants neither admit nor deny the allegations in this Subparagraph of the Amended Complaint because the Corizon Defendants lack sufficient knowledge and/or information sufficient to form a belief as to the truth of these allegations and leave Plaintiff to her proofs.

k. The Corizon Defendants neither admit nor deny the allegations in this Subparagraph of the Amended Complaint because the Corizon Defendants lack sufficient knowledge and/or information sufficient to form a belief as to the truth of these allegations and leave Plaintiff to her proofs.

163. The Corizon Defendants deny the allegations in Paragraph 163 as they are untrue. Furthermore, the Corizon Defendants deny any and all allegations of wrongdoing as untrue and leave Plaintiff to her proofs.

164. The Corizon Defendants deny the allegations in Paragraph 164 as they are untrue. Furthermore, the Corizon Defendants deny any and all allegations of wrongdoing as untrue and leave Plaintiff to her proofs.

## COUNT VIII - MEDICAL MALPRACTICE (HARDIN-COLLINS AND CORIZON)

165. The Corizon Defendants hereby restate and incorporate by reference each and every one of their Answers to Paragraphs 1 through 164 of the Amended Complaint as if fully set forth herein.

166. The Corizon Defendants deny the allegation that Defendant Hardin-Collins was an agent and/or employee of Corizon. As for the rest of the allegations contained in Paragraph 166, Subparagraphs a-j, the Corizon Defendants neither admit nor deny the allegations because the Corizon Defendants lack sufficient knowledge and/or information sufficient to form a belief as to the truth of these allegations and leave Plaintiff to her proofs.

167. The Corizon Defendants deny the allegation that Defendant Hardin-Collins was an agent and/or employee of Corizon. As for the rest of the allegations contained in Paragraph 167, the Corizon Defendants neither admit nor deny the allegations because the Corizon Defendants lack sufficient knowledge and/or

information sufficient to form a belief as to the truth of these allegations and leave Plaintiff to her proofs.

168. The Corizon Defendants deny the allegation that Defendant Hardin-Collins was an agent and/or employee of Corizon. As for the rest of the allegations contained in Paragraph 168, the Corizon Defendants neither admit nor deny the allegations because the Corizon Defendants lack sufficient knowledge and/or information sufficient to form a belief as to the truth of these allegations and leave Plaintiff to her proofs.

**COUNT IX - MEDICAL MALPRACTICE (TAYLOR AND CORIZON)**

169. The Corizon Defendants hereby restate and incorporate by reference each and every one of their Answers to Paragraphs 1 through 168 of the Amended Complaint as if fully set forth herein.

170. The Corizon Defendants deny the allegation that Defendant Taylor was an agent and/or employee of Corizon. As for the rest of the allegations contained in Paragraph 170, Subparagraphs a-g, the Corizon Defendants neither admit nor deny the allegations because the Corizon Defendants lack sufficient knowledge and/or information sufficient to form a belief as to the truth of these allegations and leave Plaintiff to her proofs.

171. The Corizon Defendants deny the allegation that Defendant Taylor was an agent and/or employee of Corizon. As for the rest of the allegations contained in

Paragraph 171, the Corizon Defendants neither admit nor deny the allegations because the Corizon Defendants lack sufficient knowledge and/or information sufficient to form a belief as to the truth of these allegations and leave Plaintiff to her proofs.

172. The Corizon Defendants deny the allegation that Defendant Taylor was an agent and/or employee of Corizon. As for the rest of the allegations contained in Paragraph 172, the Corizon Defendants neither admit or deny the allegations because the Corizon Defendants lack sufficient knowledge and/or information sufficient to form a belief as to the truth of these allegations and leave Plaintiff to her proofs.

WHEREFORE, the Corizon Defendants respectfully request that this Honorable Court enter judgment in favor of the Corizon Defendants, dismiss Plaintiff's claims in their entirety with prejudice, award the Corizon Defendants their reasonable attorneys' fees and costs for defending against Plaintiff's claims, and grant all other relief in favor of the Corizon Defendants that is just and equitable.

Respectfully submitted,
CHAPMAN LAW GROUP

Dated: July 14, 2021

/s/ Jonathan C. Lanesky
Ronald W. Chapman Sr., M.P.A.,
LL.M (P37603)
Jonathan C. Lanesky (P59740)
Attorneys for Defendants Corizon Health &
Vincent Pernell, M.D.
1441 West Long Lake Rd., Suite 310
Troy, MI 48098
(248) 644-6326
rchapman@chapmanlawgroup.com
jlanesky@chapmanlawgroup.com

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

MARY HARRIS, as Personal Representative of the Estate of ASHLEY HARRIS, Deceased,

Plaintiff,

v.

Corizon Health Inc., d/b/a Corizon of Michigan, et al.,

Defendants.

Case No. 2:21-cv-10876
Hon. Mark A. Goldsmith
Mag. Elizabeth A. Stafford

---

LIPTON LAW CENTER, P.C.
Steffani Chocron (P45335)
Kyle J. Kelly (P69896)
Attorneys for Plaintiff
18930 W. Ten Mile Rd.
Southfield, MI 48075
(248) 557-1688
steffani@liptonlaw.com
kyle@liptonlaw.com

MICHIGAN PROTECTION & ADVOCACY SERVICES
Kyle M. Williams (P77227)
Kristin Totten (P72942)
Co-Counsel for Plaintiff
4095 Legacy Pkwy, Ste. 500
Lansing, MI 48911
(517) 487-1755
kwilliams@drmich.org
ktotten@drmich.org

CHAPMAN LAW GROUP
Ronald W. Chapman Sr., M.P.A., LL.M. (P37603)
Jonathan C. Lanesky (P59740)
Attorneys for Corizon Health, Inc. and Vincent Pernell, M.D.
1441 W. Long Lake Rd., Suite 310
Troy, MI 48098
(248) 644-6326
rchapman@chapmanlawgroup.com
jlanesky@chapmanlawgroup.com

MICHIGAN DEPT. OF ATTORNEY GENERAL
John L. Thurber (P44989)
Sara E. Trudgeon (P70066)
Attorneys for MDOC Defendants
P.O. Box 30217
Lansing, MI 48909
(517) 335-3055
thurberj@michigan.gov
trudgeons@michigan.gov

---

## RELIANCE ON PLAINTIFF'S DEMAND FOR JURY TRIAL

The Corizon Defendants hereby enter their reliance on Plaintiff's demand for trial by jury on all matters before the Court to the extent allowed by law and request a trial by jury to resolve all claims and issues associated with this action. Defendants further state that if at any time prior to trial of this matter, Plaintiff rescinds, rejects, revokes, or fails to file a Jury Demand, Defendants will request a jury be the trier of fact.

Respectfully submitted,
CHAPMAN LAW GROUP

Dated: July 14, 2021

/s/Jonathan C. Lanesky
Ronald W. Chapman Sr., M.P.A.,
LL.M (P37603)
Jonathan C. Lanesky (P59740)
Attorneys for Defendants Corizon Health &
Vincent Pernell, M.D.
1441 West Long Lake Rd., Suite 310
Troy, MI 48098
(248) 644-6326
rchapman@chapmanlawgroup.com
jlanesky@chapmanlawgroup.com

**PROOF OF SERVICE**

I hereby certify that on July 14, 2021, I presented the foregoing paper to the Clerk of the Court for filing and uploading to the ECF system, which will send notification of such filing to the attorneys of record listed herein and I hereby certify that I have mailed by U.S. Postal Service the document to the involved non-participants.

/s/Jonathan C. Lanesky
Jonathan C. Lanesky (P59740)
1441 West Long Lake Rd., Suite 310
Troy, MI 48098
(248) 644-6324
jlanesky@chapmanlawgroup.com

**LOCAL RULE CERTIFICATION:**

I, JONATHAN C. LANESKY, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

/s/Jonathan C. Lanesky
Jonathan C. Lanesky (P59740)
1441 West Long Lake Rd., Suite 310
Troy, MI 48098
(248) 644-6326
jlanesky@chapmanlawgroup.com