**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

MARY HARRIS, as Personal Representative of the Estate of ASHLEY HARRIS, Deceased,

Plaintiff,

v.

Corizon Health Inc., d/b/a Corizon of Michigan, et al.,

Defendants.

Case No. 2:21-cv-10876
Hon. Mark A. Goldsmith
Mag. Elizabeth A. Stafford

---

LIPTON LAW CENTER, P.C.
Steffani Chocron (P45335)
Kyle J. Kelly (P69896)
Attorneys for Plaintiff
18930 W. Ten Mile Rd.
Southfield, MI 48075
(248) 557-1688
steffani@liptonlaw.com
kyle@liptonlaw.com

MICHIGAN PROTECTION & ADVOCACY SERVICES
Kyle M. Williams (P77227)
Kristin Totten (P72942)
Co-Counsel for Plaintiff
4095 Legacy Pkwy, Ste. 500
Lansing, MI 48911
(517) 487-1755
kwilliams@drmich.org
ktotten@drmich.org

CHAPMAN LAW GROUP
Ronald W. Chapman Sr., M.P.A., LL.M. (P37603)
Jonathan C. Lanesky (P59740)
Attorneys for Corizon Health, Inc. and Vincent Pernell, M.D.
1441 W. Long Lake Rd., Suite 310
Troy, MI 48098
(248) 644-6326
rchapman@chapmanlawgroup.com
jlanesky@chapmanlawgroup.com

MICHIGAN DEPT. OF ATTORNEY GENERAL
John L. Thurber (P44989)
Sara E. Trudgeon (P70066)
Attorneys for MDOC Defendants
P.O. Box 30217
Lansing, MI 48909
(517) 335-3055
thurberj@michigan.gov
trudgeons@michigan.gov

---

**DEFENDANTS CORIZON HEALTH, INC. AND VINCENT PERNELL, M.D.'S AMENDED AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT (ECF NO. 27)**

NOW COME Defendants CORIZON HEALTH, INC. AND VINCENT PERNELL, M.D. (hereinafter the "Corizon Defendants"), by and through their counsel, CHAPMAN LAW GROUP, and for their Amended Affirmative Defenses, state as follows:

1. Plaintiff's Amended Complaint, in whole and/or part, fails to state a claim upon which relief may be granted, because Plaintiff has failed to allege, or, if adequately alleged, cannot prove under the totality of the circumstances, that:
   a. Defendants *objectively* subjected Plaintiff's Decedent to a deprivation of required treatment for a sufficiently serious medical condition which resulted in harm; and
   b. Defendants *subjectively* demonstrated deliberate indifference by disregarding a known and excessive risk to Plaintiff's Decedent's health and safety.
2. Plaintiff's Amended Complaint, in whole and/or part, is barred by absolute and/or qualified governmental immunity from tort liability. To the extent that Defendants are sued in their individual capacity, they are entitled to dismissal because a reasonable health care provider in their position would not have thought they were violating any of Plaintiff's Decedent's clearly established constitutional rights by any of their actions or inactions.

3. Plaintiff's Amended Complaint is barred by the non-joinder of parties under Fed. R. Civ. P. 19.
4. Defendants will rely upon all defenses available to them under the Eighth and Fourteenth Amendments to the United States Constitution.
5. Defendants will rely upon all defenses available to them under 42 U.S.C. § 1983.
6. Defendants deny that Defendant Pernell breached any duties and deny Dr. Pernell was negligent or violated the constitutional rights of Plaintiff's Decedent in any manner. At all times, Defendant Pernell was guided by and strictly observed all the legal duties imposed upon him by the United States Constitution, Federal Statutes, and common law.
7. Plaintiff's claims do not rise to the level of constitutional violations cognizable under the Eighth and/or Fourteenth Amendments or under 42 U.S.C. § 1983.
8. Defendants are not liable for exemplary or punitive damages under 42 U.S.C. § 1983.
9. Defendants did not violate any of Plaintiff's Decedent's clearly established Constitutional rights of which Defendants were or should have been aware.
10. Plaintiff's alleged injuries and/or resulting damages, if any, are attributable to entities and/or persons other than Defendants.
11. Plaintiff's claims are barred, in whole or in part, by the doctrine of comparative negligence.

12. Any alleged damages sustained by Plaintiff were proximately caused totally or in part by Plaintiff's Decedent's own negligence and/or willful acts, and any recovery by the Plaintiff must therefore be diminished in whole or in part.

13. At all times pertinent to the instant litigation, Plaintiff's Decedent was negligent, which directly or proximately contributed to cause the alleged injuries, if any, and the Plaintiff's recovery must be reduced in proportion to said negligence.

14. Plaintiff's claims fail to rise to the level of a constitutional violation.

15. Plaintiff's claims are barred by the statute of limitations.

16. Plaintiff's claims are barred by 42 U.S.C. § 1997e for failure to exhaust available administrative remedies.

17. Plaintiff has failed to state allegations against Defendants that constitute deliberate indifference to a serious medical need, and/or that Plaintiff's Decedent's injuries were the result of an unconstitutional policy, practice, or procedure put in place by Defendants.

18. Defendants are entitled to dismissal because their actions were not wanton and reckless with regard to the rights of Plaintiff's Decedent, if anything, medical judgment calls.

19. Defendant was a licensed healthcare professional and, as such, must be sued under the medical malpractice framework established by the legislature which requires, among other things, the filing of a Notice of Intent one hundred eighty-

two (182) days prior to filing a Complaint and the attachment of an Affidavit of Merit to the Complaint. *See Bryant v. Oakpointe Villa Nursing Centre,* 471 Mich. 411, 422 (2004); *Scarsella v. Pollak*, 461 Mich. 547, 553 (2000); and MCL § 600.2912b.

20. Defendant specifically reserves the right to add any other Affirmative and/or Special Defenses, as may become known or discovered in the course of subsequent investigation or discovery.

Respectfully submitted,
CHAPMAN LAW GROUP

Dated: July 14, 2021

/s/ Jonathan C. Lanesky
Ronald W. Chapman Sr., M.P.A., LL.M (P37603)
Jonathan C. Lanesky (P59740)
Attorneys for Defendants Corizon Health & Vincent Pernell, M.D.
1441 West Long Lake Rd., Suite 310
Troy, MI 48098
(248) 644-6326
rchapman@chapmanlawgroup.com
jlanesky@chapmanlawgroup.com

**PROOF OF SERVICE**

I hereby certify that on July 14, 2021, I presented the foregoing paper to the Clerk of the Court for filing and uploading to the ECF system, which will send notification of such filing to the attorneys of record listed herein and I hereby certify that I have mailed by U.S. Postal Service the document to the involved non-participants.

/s/Jonathan C. Lanesky
Jonathan C. Lanesky (P59740)
1441 West Long Lake Rd., Suite 310
Troy, MI 48098
(248) 644-6324
jlanesky@chapmanlawgroup.com

**LOCAL RULE CERTIFICATION:**

I, JONATHAN C. LANESKY, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

/s/Jonathan C. Lanesky
Jonathan C. Lanesky (P59740)
1441 West Long Lake Rd., Suite 310
Troy, MI 48098
(248) 644-6326
jlanesky@chapmanlawgroup.com