UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARY HARRIS,
as Personal Representative of the
Estate of ASHLEY HARRIS, Deceased,

        Plaintiff,

vs.                                       Case No. 21-cv 10876
                                            Hon. Mark A. Goldsmith

CORIZON HEALTH INC.,
doing business as CORIZON OF MICHIGAN,
VINCENT PERNELL, MD,
LILLIE HARDIN-COLLINS, RN,
SANDRA J. TAYLOR, MA, LLP,
OFFICER HEAD and
JOHN DOES 1-12

        Defendants
_____/

| | |
|---|---|
| STEFFANI CHOCRON (P45335) | CHAPMAN LAW GROUP |
| KYLE J. KELLY (P69896) | Ronald W. Chaman, Sr. (P37603) |
| LIPTON LAW CENTER, P.C. | Jonathan C. Lanesky (P59740) |
| Attorneys for Plaintiff | Attorneys for Corizon and Pernell, |
| 18930 W. Ten Mile Road | 1441 W. Long Lake Road, Ste 310 |
| Southfield, Michigan 48075 | Troy, MI 48098 |
| (248) 557-1688 | (248) 644-6326 |
| kyle@liptonlaw.com | rchapman@chapmanlawgroup.com |
| | jlanesky@chapmanlawgroup.com |
| | |
| KYLE M. WILLIAMS (P77227) | John L. Thurber (P44989) |
| KRISTIN TOTTEN (P72942) | Sara E. Trudgeon (P82155) |
| Disability Rights Michigan | Assistant Attorneys General |
| Co-Counsel for Plaintiff | Attorneys for Defs Lillie Hardin-Collins, Ebony Head & Taylor |
| 4095 Legacy Pkwy Ste 500 | |
| Lansing, MI 48911-4264 | MDOC Division |
| (517) 487-1755 | P.O. Box 30217 |

1

|  |  |
|---|---|
| KWilliams@drmich.org | Lansing, MI  48909 |
|  | (517) 335-3055 |
|  | thurberj@@michigan.gov |
|  | trudgeons@michigan.gov |

_____/

# JOINT DISCOVERY PLAN

1. **Jurisdiction**:

The basis for the Court's subject matter jurisdiction is Federal question jurisdiction – 42 USC §1983. The Court also has supplemental jurisdiction over Plaintiff's state law medical malpractice claim pursuant to 28 U.S.C. §1367(a).

2. **Relationship of the case to other cases**:

Plaintiff and Defendants are not aware of other related cases.

3. **Summary of the Case**:

This case involves:

   a. **Plaintiff's Claims**:

Plaintiff personal representative claims that Defendants gave Ashley Harris a lethal dose of Thorazine (Chlorpromazine HCl), a psychotropic medication, causing her death. Plaintiff's have brought state law medical malpractice claims against the health care professionals, and §1983 deliberate indifference claims against the state actors.

   b. **Defendants' Defenses**:

MDOC Defendants

Lillie Hardin-Collins, Ebony Head, and Sandra Taylor (the MDOC Defendants) deny their actions contributed to the death of Ashley Harris. Hardin-Collins and Taylor provided reasonable and appropriate medical

2

care to Ashley Harris, and they acted within the applicable standards of care.  The MDOC Defendants did not act with deliberate indifference towards Ashley Harris.  The MDOC Defendants may be entitled to governmental immunity.  Finally, the actions alleged in the amended complaint may be beyond the statute of limitations.

<u>Corizon Health, Inc., and Vincent Pernell, M.D Summary</u>

Contrary to Plaintiff's allegations, Plaintiff's decedent was not given a lethal dose of Thorazine.  Furthermore, Defendant Vincent Pernell, M.D. exercised reasonable medical judgment and provide appropriate medical care to Plaintiff's decedent. Additionally, Dr. Pernell was not deliberately indifferent to the serious medical needs of the Plaintiff's decedent, nor did he violate his respected standard of care.  Also, to the extent any state law claims are made against Corizon Health, Inc., same are barred by governmental immunity pursuant to MCL 691.1407 et seg and or the statute of limitations.

4. **<u>Facilitation/Arbitration/Case Evaluation</u>:**

The parties are agreeable to discussing voluntary non-binding facilitation after the parties' depositions have been taken in this matter, however, at this time it is our joint view that alternative dispute resolution, arbitration, early facilitation/mediation and an early Settlement Conference, are not in the best interest of the parties hereto.

5. <u>Amendment of Pleadings</u>:

Plaintiff does not anticipate further amendments at this time.

The MDOC Defendants do not currently anticipate any further amendments.

The Corizon Defendants state that there is no known necessity for any amendment to the pleadings at this time, however, Plaintiff reserves the right to seek leave to amend the complaint, if necessary, pursuant to information and records obtained through disclosures and the course of discovery.

6. **<u>Discovery</u>:**

The parties do not anticipate any discovery disputes currently.

The parties agree that interrogatories and requests for admissions will be limited to 25 per party, in accordance with the court rules. There is no limit on the number of requests for production of documents.

Currently, the parties expect to take depositions in accordance with Rule 30. The parties agree in good faith to work together for the scheduling of all necessary depositions and agree that it may be necessary to take more than 10 depositions, and without waiving the right to object in the future, agree that more than 10 depositions may be taken without seeking leave of the Court.

The parties further agree to attempt to resolve any discovery disputes that may arise amongst themselves before filing a motion with this Court.

7. **<u>Motions</u>:**

Plaintiff does not know what motions she may file as discovery has not yet begun, and Defendants defenses are not fully known.

Defendants anticipate that they will file dispositive motions following the close of discovery.

The parties acknowledge that the E.D. Mich. L.R. 7.1(a) requires the moving party to ascertain whether the motion will be opposed. All motions shall affirmatively state the efforts of the moving party to comply with the obligation created by Rule 7.1(a). The parties further acknowledge that all motions, responses and replies and their supporting briefs must be filed according to the schedule set forth in E.D. Mich. LR 7.1(e), unless the Court orders otherwise.

8. **<u>Settlement</u>:**

The parties do not believe that an early settlement is possible and believe that discovery must be completed before meaningful settlement negotiations can occur.

Dates:

The parties request nine months of discovery and propose the following dates and deadlines:

| | |
|---|---|
| Initial Disclosures under Fed. R. Civ. P. 26(a)(1) | 9-21-21 |
| Lay Witness List | 4-12-22 |
| Exhibit List | 4-12-22 |
| Expert Witness List and Disclosure – Plaintiff | 4-12-22 |
| Expert Witness List and Disclosure – Defendant | 5-10-22 |
| Discovery – Fact and Expert | Through 5-24-22 |
| Dispositive Motions Filed by | 6-21-22 |
| Early Settlement Conference | TBD |


s/ Steffani Chocron
Steffani Chocron (P45335)
Kyle J. Kelly ((P69896)
Attorney for Plaintiff

 /s/ Jonathan C. Lanesky
Ronald W. Chapman, Sr (P37603)
Jonathan C. Lanesky (P59740)
Attorney for Corizon Defendants

 /s/ Kyle M. Williams
Kyle M. Williams (P77227)
Disability Rights Michigan

/s/ John L. Thurber
John L. Thurber (P44989)
Sara E. Trudgeon (P82155)
Attorneys for Defendants Lillie Hardin-Collins, Ebony Head and Sandra Taylor

5