UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARY HARRIS, AS PERSONAL
REPRESENTATIVE OF THE ESTATE OF
ASHLEY HARRIS, DECEASED,

    Plaintiff,

vs.

CORIZON HEALTH INC., et al.,

    Defendants.
_____/

Case No. 21-CV-10876

HON. MARK A. GOLDSMITH

**OPINION & ORDER
DENYING DEFENDANTS' MOTION TO DISMISS (Dkt. 29)**

This matter is before the Court on Defendants Lillie Hardin-Collins, Ebony Head, and Sandra Taylor's motion to dismiss certain claims in Plaintiff Mary Harris's amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Mot. to Dismiss (Dkt. 29).[1] Brought by the estate of a prisoner who died while in the custody of the Michigan Department of Corrections, this suit asserts claims under the Eighth and Fourteenth Amendments premised on Defendants' alleged deliberate indifference to the decedent's medical needs.

The motion to dismiss seeks dismissal of the Fourteenth Amendment claim on the theory that Plaintiff's only possibly viable claim would be one under the Eighth Amendment. It also seeks dismissal of any claim for money damages brought against Movants in their official capacity. Id. at 3–5. Plaintiff asks the Court to deny the motion because (i) she has not made an independent Fourteenth Amendment claim but, rather, only an Eighth Amendment claim that

---

[1] Because oral argument will not aid the Court's decisional process, the motion will be decided based on the parties' briefing. See E.D. Mich. LR 7.1(f)(2); Fed. R. Civ. P. 78(b).

relies upon the Fourteenth Amendment for state application; and (ii) she has sued Movants in their individual capacities only and, therefore, is not seeking money damages against them in their official capacities. Resp. at 8–10 (Dkt. 36). In their reply, Movants argue that although Plaintiff concedes that she has not brought a Fourteenth Amendment claim against them or sued them in their official capacities, her amended complaint can be read as bringing such claims. Reply at 2 (Dkt. 42).

"A complaint will be dismissed pursuant to Rule 12(b)(6) if no law supports the claim made, if the facts alleged are insufficient to state a claim, or if the face of the complaint presents an insurmountable bar to relief." Southfield Educ. Ass'n v. Southfield Bd. of Educ., 570 F. App'x 485, 487 (6th Cir. 2014). When confronted with a Rule 12(b)(6) motion, it is imperative for a court to remember that a plaintiff is the master of the allegations in his or her complaint. Fry v. Napoleon Cmty. Schs., 137 S. Ct. 743, 755 (2017). Thus, the grounds upon which a plaintiff files suit are the plaintiff's prerogative, and a defendant cannot reclassify those grounds.

Here, Plaintiff represents that she has chosen to sue Movants under the Eighth Amendment and in their individual capacities only. A fair reading of Plaintiff's amended complaint supports her position that although she states in her complaint that her claims are brought "under the Eighth and Fourteenth Amendments," Am. Compl. ¶¶ 117–118 (Dkt. 127), Plaintiff does not bring a standalone claim against Movants under the Fourteenth Amendment. Instead, Plaintiff references the Fourteenth Amendment merely because protections afforded by the Eighth Amendment are made applicable to the states and state actors, such as Movants, through the due process clause of the Fourteenth Amendment. See Timbs v. Indiana, 139 S. Ct. 682, 687 (2019).

Further, even though Plaintiff at times references in her amended complaint the "acts and

omissions of all defendants in their individual and official capacities," e.g., Am. Compl. ¶ 110, other references in that pleading clarify that she is suing only Corizon Health, Inc.—which is not a party involved in the present motion—in its official capacity, id. ¶ 15. The amended complaint clearly states that Hardin-Collins and Taylor are sued in their individual capacities only. Id. ¶¶ 18–19. Although the amended complaint does not specify whether Head is being sued in her individual capacity, official capacity, or both, see id. ¶ 25, Plaintiff's response to the motion states unequivocally that she is suing Head, as well as Harden-Collins and Taylor, "in their individual capacities, and is not seeking money damages for any claims as to their official capacities," Resp. at 2. Thus, a fair reading of Plaintiff's amended complaint supports her position that she does not seek money damages against Movants in their official capacities.

Because Plaintiff has not brought claims against Movants under the Fourteenth Amendment nor sued them in their official capacities, Movants are not entitled to dismissal of any such claims. Accordingly, the motion to dismiss is denied (Dkt. 29).

SO ORDERED.

Dated: November 18, 2021  
       Detroit, Michigan

s/Mark A. Goldsmith  
MARK A. GOLDSMITH  
UNITED STATES DISTRICT JUDGE